UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| VICTOR VU NGUYEN, | : | CASE NO. 20-65736-PWB |
| | : | |
| Debtor. | : | |

**MOTION FOR COMPROMISE AND SETTLEMENT**

COMES NOW, S. Gregory Hays, as the duly acting and authorized Chapter 7 Trustee ("Trustee") in the above styled case and moves this Court for an order authorizing him to compromise and settle one certain preference claim, the estate's claim for return of a preferential payment as outlined in Paragraph 2 below, pursuant to Bankruptcy Rule 9019, and respectfully shows the Court the following:

1.

Victor Vu Nguyen ("the Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 21, 2020. S. Gregory Hays was appointed as Chapter 7 Trustee. The 341 meeting of creditors was held and concluded on May 27, 2020.

2.

At the Section 341 meeting and through documents provide by the Debtor to the Trustee, Debtor disclosed a payment made to Ms. Ha ("Ms. Ha"), on or about April 6, 2020, in the sum of $12,000 for repayment of money loaned and advanced to the Debtor. Trustee determined that this payment, occurring as it did less than three weeks before bankruptcy filing, was an avoidable preferential payment made within 90 days of bankruptcy filing, and was thus avoidable pursuant to Section 547 of the Bankruptcy Code ("Preference Claim").

3.

Before demand was made on Ms. Ha, Trustee and Debtor discussed a resolution of the Preference Claim.

4.

Debtor has indicated that he wishes to avoid any Trustee action against Ms. Ha, and has offered to pay the Trustee himself, if it can be done over time. Debtor and Trustee have agreed, subject to Bankruptcy Court approval after notice to creditors, to resolve the estate's Preferential Claim for $6,000 if said sum could be paid in installments. The installment plan calls for a first payment of $3,000.00, followed by monthly installments thereafter in the amount of $1,000.00, until paid in full. The $3,000.00 first payment will be tendered upon the filing of this Motion and the additional $1,000.00 payments be made monthly on December 1, 2020 January 1, 2021 and February 1, 2021.

5.

The standard for approving or disapproving a compromise and settlement is found in the factors set forth in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II), 898 F2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). Justice Oaks requires that the Court consider (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, as well as the expense, inconvenience, and delay; and (4) a deference to the reasonable views of creditors.

6.

The Trustee shows the Court that the compromise involves the discounting of the amount of the preferential claim will avoid litigation costs, will produce to the bankruptcy

estate and avoid the uncertainty of collectability against Ms. Ha, the payee of the preference. The Trustee anticipates this settlement to provide funds to distribute to unsecured creditors.

WHEREFORE, the Trustee prays:

(a) that this Court authorize the compromise and settlement of the estate's Preference Claim for the sum of $6,000.00, to be paid as outlined in Paragraph 4 herein;

(b) that this Court authorize the compromise and settlement to be with the Debtor themselves rather than with the transferee of the preferentially paid sum, Ms. Ha;

(c) that notice issue for the proposed compromise and settlement pursuant to Bankruptcy Rules 2002 and 9019;

(d) that the Court grant such other and further relief as may be appropriate.

This 3rd day of November, 2020.

                                                            */s/ S. Gregory Hays*
                                                            S. Gregory Hays
Hays Financial Consulting, LLC             Chapter 7 Trustee
2964 Peachtree Road, NW, Ste 555
Atlanta, GA 30305
(404) 926-0060

Consented to, this 2nd day of November, 2020.
_____/s/_____
Daniel E. Raskin
Attorney for Debtor
Bar No. 594950
325 Hammond Drive
Atlanta, GA 30328
404-255-8878

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| VICTOR VU NGUYEN, | : | CASE NO. 20-65736-PWB |
| | : | |
| Debtor. | : | |

### CERTIFICATE OF SERVICE

This is to certify that I, S. Gregory Hays, am over the age of 18, and that I have this day served a copy of the forgoing Trustee's Motion for Compromise and Settlement by first class United States Mail, with adequate postage prepaid, on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Daniel E. Raskin
Law Clinic of Daniel E. Raskin
Suite 114
325 Hammond Drive
Atlanta, GA 30328

Victor Vu Nguyen
293 Grand Manor Dr.
Marietta, GA 30068

/s/ S. Gregory Hays
S. Gregory Hays
Chapter 7 Trustee