UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| VICTOR VU NGUYEN, | : | CASE NO. 20-65736-PWB |
| | : | |
| Debtor. | : | |

**APPLICATION BY TRUSTEE FOR COMPENSATION**

TO:   THE HONORABLE PAUL W BONAPFEL
      UNITED STATES BANKRUPTCY JUDGE

This Application of S. Gregory Hays, brought pursuant to Section 330 of the United States Bankruptcy Code, respectfully shows that he is the duly-appointed and qualified Trustee in Bankruptcy of the above-captioned Estate, that the assets of said Debtor have been liquidated, and that there came into the hands of the undersigned Trustee for disbursement the total sum of $6,000.00 of which $0.00 has been disbursed to the Debtor and the Trustee anticipates an additional $0.00 will be distributed to the Debtor.

In the administration of said Estate, your Applicant has performed those services required by a Trustee. This Application is for services rendered from April 21, 2020 through February 25, 2021. The statutory allowance is the sum of $1,350.00, and Applicant has heretofore received on his account compensation as Trustee in the sum of $0.00.

Your Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Your Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of

fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

On April 21, 2020 (the "**Petition Date**"), Victor Vu Nguyen ("**Debtor**") filed a voluntarily petition under Chapter 7 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 20-65736-pwb (the "**Case**"). Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Case.  Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Bankruptcy Case.

At the commencement of the Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a), and it includes all Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Case.   11 U.S.C. § 541 (2014).

At the Section 341 meeting and through documents provide by the Debtor to the Trustee, Debtor disclosed a payment made to Ms. Ha ("**Ms. Ha**"), on or about April 6, 2020, in the sum of $12,000 for repayment of money loaned and advanced to the Debtor. Trustee determined that this payment, occurring as it did less than three weeks before bankruptcy filing, was an avoidable preferential payment made within 90 days of bankruptcy filing, and was thus avoidable pursuant to Section 547 of the Bankruptcy Code ("**Preference Claim**").

Before demand was made on Ms. Ha, Trustee and Debtor discussed a resolution of the Preference Claim. Debtor wished to avoid any Trustee action against Ms. Ha, and offered to pay the Trustee himself over time. Debtor and Trustee agreed to resolve the estate's Preferential Claim

for $6,000.00 paid in installments. The installment plan calls for a first payment of $3,000.00, followed by monthly installments thereafter in the amount of $1,000.00, until paid in full.

On November 3, 2020, the Trustee filed his Motion to Approve Compromise [Doc. No. 24] and on December 8, 2020, the Court entered an *Order* [Doc. No. 28] approving the Settlement Motion.

The Trustee collected the total settlement of $6,000.00.

In his Trustee's Final report, the Trustee is proposing paying a domestic support claim in full and paying unsecured creditors a distribution of 5.85%.

As said Trustee, your Applicant has or will pay in the final administration of the Bankruptcy Case out of his own funds expenses totaling $30.37, none of which have been repaid and for which he prays for reimbursement. Attached hereto marked as Exhibit "A" and incorporated herein by reference is an itemization of Trustee's expenses.

WHEREFORE, S. Gregory Hays prays for such allowance for his services herein in the amount of $1,350.00 plus reimbursement of expenses in the amount of $30.37 and as the Court finds reasonable and just.

Respectfully submitted 25th day of February, 2021.

                                                               */s/ S. Gregory Hays*
                                                               S. Gregory Hays

Hays Financial Consulting, LLC              Chapter 7 Trustee
2964 Peachtree Rd, N.W, Ste 555
Atlanta, Georgia 30305
(404) 926-0060

**Exhibit "A"**

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Victor Vu Nguyen**
**Case # 20-65736-PWB**

February 25, 2021

**For the Period from   4/21/2020   to   2/25/2021**

|  |  | **Amount** |
|---|---|---:|
| | **Expenses** | |
| 11/30/2020 | Postage | 7.50 |
| 1/12/2021 | 2021 Bond fee | 1.60 |
| 2/25/2021 | Case Closing Expenses: | 21.27 |
| | Copies NFR - 14 notices @ 6 pages @ $0.15 per copy - $12.60 | |
| | Postage NFR - 14 notices @ $0.51 per notice - $7.14 | |
| | Postage distribution checks - 3 checks @ $0.51 per check - $1.53 | |
| | Subtotal | 30.37 |
| | **Total costs** | **$30.37** |